JUSTIN KIRK TABAYOYON, S.B.N. 288957
**LAW OFFICES OF JUSTIN KIRK TABAYOYON**
1125 Missouri Street, Suite 209
Fairfield, CA 94533
Telephone: (707) 726-6009
Facsimile:   (925) 826-3504
justin@tabayoyonlaw.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY ROBERT COOK, MICHAEL JOHN MAROULAS, and BECKY SMISEK-GAGE,<br><br>     Plaintiffs,<br><br>v.<br>CITY OF FAIRFIELD, a municipal corporation; FORMER CITY OF FAIRFIELD POLICE CHIEF WALT TIBBET, in his individual and official capacities; REBECCA BELK and AARON BERTSCH, individually and in their official capacities as police sergeants for the City of Fairfield, FRANK PIRO, KELLY ROMBACH, MARK APLEY, ADAM BRUNIE, CHRISTOPHER GRIMM, KEITH PULSIPHER, and DOES 1-50, individually and in their capacities as peace officers,<br><br>     Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS**<br>**(42 U.S.C. §§ 1983; and Supplemental Claims)**<br><br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This action is brought pursuant to Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and the Constitution of the State of California, including but not limited to Civil Code § 52.1 and California common law.

2. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §§ 1331 and 1343. The state claims alleged herein arise from the same facts as the federal such that all claims alleged herein would ordinarily be prosecuted as a single action. This court has supplemental

1  jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

2      3. Within six months of the events subject of this lawsuit, Plaintiffs COOK and MAROULAS filed claims against the City of Fairfield in accordance with California Government Code § 910 et seq. The City of Fairfield acknowledged COOK's claim in writing on May 8, 2014. The City of Fairfield failed to give written notice of its action or inaction on COOK's claim under California Government Code section 913 as of the time of filing of this action. Plaintiffs filed this action within two years from the accrual of Plaintiffs' causes of action, as required by California Government Code § 945.6.

## VENUE

    4. The unlawful acts and practices alleged herein occurred in the City of Fairfield, County of Solano, which is within this judicial district. Venue therefore lies in this Court pursuant to 28 U.S.C. § 1392(b)(2).

## PARTIES

    5. Plaintiff BILLY ROBERT COOK ("COOK") is, and was at all relevant times herein mentioned, a competent adult resident of the State of California.

    6. Plaintiff MICHAEL JOHN MAROULAS ("MAROULAS") is, and was at all relevant times herein mentioned, a competent adult resident of the State of California.

    7. Plaintiff BECKY SMISEK-GAGE ("GAGE") is, and was at all relevant times herein mentioned, a competent adult resident of the State of California.

    8. COOK, MAROULAS, and GAGE are collectively referred to herein as "Plaintiffs".

    9. Defendant CITY OF FAIRFIELD, California, is a legal and political entity, a municipal corporation, established under the laws of the State of California and its charter with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected City Council and/or its agents and officers. Defendant CITY OF FAIRFIELD is subject to suit within the meaning of 42 U.S.C. § 1983 under <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978). The Fairfield Police Department ("FPD") is a public agency within defendant CITY OF FAIRFIELD.

    10. Defendant WALT TIBBET ("CHIEF") was, at the times relevant hereto, the Chief of

Police for FPD, and in such capacity was responsible for, among other things, the employment, discharge, training, supervision, control, assignment and discipline of all sworn and civilian personnel of FPD, and the formulation, promulgation, adoption, application, implementation, administration, enforcement and revocation of the policies and practices of FPD. He is sued individually and in his official capacity.

11. Defendant FRANK PIRO ("PIRO") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant PIRO is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

12. Defendant KELLY ROMBACH ("ROMBACH") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant ROMBACH is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

13. Defendant MARK APLEY ("APLEY") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant APLEY is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

14. Defendant ADAM BRUNIE ("BRUNIE") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant BRUNIE is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

15. Defendant CHRISTOPHER GRIMM ("GRIMM") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant GRIMM is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

16. Defendant KEITH PULSIPHER ("PULSIPHER") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant PULSIPHER is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

17. Defendant REBECCA BELK ("BELK") was, at all times relevant hereto, employed as a police sergeant for the CITY OF FAIRFIELD. BELK was responsible for supervision of PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive, during the relevant time period. Defendant BELK is sued as an individual as well as in her official capacity as a police sergeant for CITY OF FAIRFIELD.

18. Defendant AARON BERTSCH ("BERTSCH") was, at all times relevant hereto, employed as a police sergeant for the CITY OF FAIRFIELD. BERTSCH was responsible for supervision of PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive, during the relevant time period. Defendant BERTSCH is sued as an individual as well as in his official capacity as a police sergeant for CITY OF FAIRFIELD.

19. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each DOE defendant is responsible in some manner for the injuries and damages set forth herein. At all times mentioned, each named and DOE defendant was the agent, employee or otherwise a co-venturer of CITY OF FAIRFIELD, and in doing the things alleged, was acting under the color of state law and within the course and scope of the agency or employment and with the actual or implied permission, consent, and approval of CITY OF FAIRFIELD. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and/or false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control upon any other act or omissions. Upon ascertaining the true identity of a DOE defendant, Plaintiffs will amend this complaint or seek leave to do so by inserting the true name of such "DOE" defendant.

20. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment at with the CITY OF FAIRFIELD.

21. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under the color of authority and/or the color of law.

22. Due to the acts and/or omissions, alleged herein, Defendants, and each of them, acted as the agent, servant, employee, and/or in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

23. On or about November 13, 2013, FAIRFIELD Police Officers PIRO and ROMBACH were dispatched to COOK's residence. Outside COOK's apartment, PIRO spoke with AMY IRIARTE ("IRIARTE"). IRIARTE indicated she and her wife had temporary custody of COOK's daughter, Billie Jean Cook ("BILLIE JEAN"), and produced a temporary guardianship order for PIRO's inspection. IRIARTE indicated that BILLIE JEAN had not been respecting the custody order and had been running away to stay at COOK's apartment. She further informed PIRO that BILLIE JEAN had been using marijuana with her father. PIRO did not make any effort to independently verify the claim of marijuana use or inquire further into that allegation.

24. PIRO approached the residence to contact COOK. Prior to approaching the residence PIRO did not make any attempt to inquire with FPD dispatch about prior contacts at the residence regarding BILLIE JEAN at the residence. If PIRO had made such an inquiry, he would have learned that FPD officers had responded to the residence recently and left BILLIE JEAN there despite the temporary guardianship order. PIRO also failed to take any action to determine whether BILLIE JEAN had been seen at the residence that day, such as contacting the neighbors.

25. COOK's front door was open but there was a metal door with a screen that was shut. COOK was inside his apartment in his living room. PIRO verbally asked to speak with COOK through the screen door. PIRO began asking COOK questions. COOK was standing with his hands resting in his back pockets while not detained. PIRO ordered COOK to remove his hands from his back pockets. COOK immediately complied and removed his hands from his pockets and placed them in the air in front of him in a non-threatening manner and in PIRO's full view. PIRO did not have any objective facts to detain COOK or objective facts to reasonably believe COOK planned to use a weapon against the officers. PIRO also did not have any objective facts to indicate BILLIE JEAN was inside the residence at that moment as opposed to sometime in the past. COOK indicated to PIRO that BILLIE JEAN was not there and verbally declined to speak with PIRO any further. COOK then tried to close the front door.

26. PIRO unlawfully prevented COOK from closing the door by kicking it open with his foot.

1   PIRO had no lawful reason to arrest or detain COOK. PIRO unlawfully entered COOK's
2   residence by placing his hand or foot into COOK's apartment — across the plane of the
3   doorway —to prevent COOK from closing his front door. PIRO then fully entered into COOK's
4   residence without an arrest or search warrant, and without reasonable suspicion or probable
5   cause to detain or arrest COOK. PIRO entered into COOK's apartment, physically attacked
6   COOK, and forced COOK to the ground. COOK landed on the ground on his back. PIRO stood
7   over COOK and struck COOK at least three times in the face and head with his fist. COOK
8   rolled onto his stomach to avoid PIRO's fist strikes. COOK had nothing in his hands at the
9   time. PIRO then retrieved a baton and struck COOK at least two or three times with it in the left
10  rib cage while COOK was face-down on the ground on his stomach with nothing in his hands.
11  PIRO then delivered at least two or three more baton strikes to COOK'S left ribs while COOK
12  was defenseless and posed no danger to PIRO.

13       27. While PIRO was beating COOK, ROMBACH likewise was beating others, including a
14  dog associated with the residence. First, ROMBACH reached into the apartment and grabbed
15  GAGE. ROMBACH threw GAGE to the ground outside the apartment's front door. Then
16  ROMBACH struck a dog associated with the residence with his baton. When neighbors saw
17  what was going on, a neighbor approached ROMBACH and was very upset because he had
18  witnessed ROMBACH throw GAGE to the ground for no apparent reason and strike the dog.
19  That witness tended to the dog and ROMBACH entered COOK's residence. GAGE got off the
20  ground and attempted to reenter the residence. ROMBACH then struck GAGE and forced her
21  outside of the apartment again. BRUNIE thereafter grabbed GAGE and threw her to the
22  ground.

23       28. ROMBACH then focused his violence on MAROULAS. MAROULAS was inside the
24  small apartment when PIRO forced entry and forced COOK to the ground. ROMBACH
25  attacked MAROULAS to ensure MAROULAS would not lawfully attempt to stop PIRO's
26  unlawful and violent attack on COOK. ROMBACK kicked MAROULAS causing his body to spin
27  and fall. MAROULAS ended up face down on a nearby couch. APLEY and BRUNIE held down
28  MAROULAS, while ROMBACH punched MAROULAS approximately five times in the cheek

*Complaint for Violations of Civil Rights and Supplemental Claims*

and face with a closed fist while MAROULAS was face down on his stomach on a couch. ROMBACH then stuck MAROULAS approximately 5 times in the head with his elbow. Simultaneously, BRUNIE struck MAROULAS with a baton in the back and used his knee to strike MAROULAS in the face. After the officers were done beating MAROULAS, ROMBACH placed MAROULAS in handcuffs. BRUNIE then turned his attention to COOK and swung his baton at COOK's right leg while he was being held face down on the ground by other officers.

29. At some point, GRIMM, BELK, PULSIPHER, and DOES 1-25 arrived and assisted in placing COOK, GAGE, and MAROULAS, in handcuffs and in searching COOK's home without a warrant. COOK's home was clear of anything illegal or reasonably threatening to the officers' safety.

30. Plaintiffs allege that officers then colluded and fabricated reasons to arrest Plaintiffs to justify their actions and escape liability and consequence for their unlawful actions. Plaintiffs were maliciously arrested and charged with resisting arrest. COOK was additionally falsely arrested for battering PIRO. GAGE was falsely arrested for battering ROMBACH. Significantly, there was no underlying charges, and BILLIE JEAN was not located at the residence.

31. The Solano County District Attorney's Office maliciously filed charges against and prosecuted Plaintiffs through to a jury verdict, even as the evidence at trial became overwhelming that the initial arrest was unlawful and excessive force was used. The joint criminal prosecution of all of the current Plaintiffs resolved by way of jury trial. COOK, MAROULAS, and GAGE were acquitted by a jury of all charges.

32. COOK filed a claim with FPD on May 6, 2014, alleging that FPD police officers used excessive force as well as conducted an illegal search and seizure. He received a letter from George Hills Company, claim administrators for FPD, dated May 8, 2014, acknowledging COOK's claim. As of the time of filing of this action, COOK has not received a notice of action or inaction on his claim from FPD or any of FPD's agents.

33. Plaintiffs are informed and believe that thereon allege that the CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH and DOES 26-50, inclusive, breached their duty of care to the public by failing to discipline defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER,

7

*Complaint for Violations of Civil Rights and Supplemental Claims*

and DOES 1-25, inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive, demonstrates the existence of an entrenched culture, policy, or practice of promoting, tolerating, and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force, and the fabrication of official reports to cover up the misconduct of defendants' PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive.

34. Plaintiffs allege that members of FPD, including but not limited to, defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25 and/or each of them have, individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of making improper detentions and/or false arrests and using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to, Plaintiffs.

35. Plaintiffs further allege that as a matter of official policy, rooted in an entrenched posture of deliberate indifference to the constitutional rights of citizens, defendant CITY OF FAIRFIELD has long allowed citizens, such as Plaintiffs, to be abused by its police officers, including by defendants PIRO, ROMBACH, BERTSCH, APLEY, BRUNIE, GRIMM, PULSIPHER, and/or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

36. As a result of the pre-existing customs, polices, patterns and/or practices of such abuse by members of FPD, Plaintiffs were subjected to the violation of their constitutional rights as alleged herein.

**STATEMENT OF DAMAGES**

37. As a result of the acts and/or omissions of Defendants and/or each of them, as alleged herein, Plaintiffs have suffered, and will likely continue to suffer in the future, general damages, including, but not limited to, general damages for pain, suffering, emotional distress, permanent disabilities, permanent injuries, and/or other general damages in amounts to be determined according to proof.

8

*Complaint for Violations of Civil Rights and Supplemental Claims*

38. Plaintiffs also suffered, and will likely suffer in the future, special damages, including but not limited to, special damages for medical and related expenses; lost wages and benefits; damage to career and/or loss of earning capacity; vocational and occupational rehabilitation expenses and/or other special damages in amounts to be determined according to proof.

39. The acts and/or omissions of Defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-50, and/or each of them, were intentional, despicable, oppressive, punitive, malicious, and/or were done with a conscious and/or reckless disregard of Plaintiffs' rights and safety, justifying an award of punitive damages.

40. Plaintiffs found it necessary to engage in the services of private counsel to vindicate Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to the statue(s) in the event that Plaintiffs are the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983/Individual Liability

**(Against Defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)**

41. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

42. In doing the acts complained of herein, defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25 and/or each of them, did act under color of state law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, including the right to be free from the use of excessive force;

    b. the right to not to be deprived of liberty without due process of the law; and

    c. the right to enjoy civil and statutory rights.

43. These state rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

*Complaint for Violations of Civil Rights and Supplemental Claims*

44. As a result of the violation of their constitutional rights by defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25 and/or each of them, Plaintiffs sustained the injuries or damages as alleged in this Complaint.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

**42 U.S.C. Section 1983/Municipal Liability (Monell) and Supervisory Liability**

**(Against Defendants CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50)**

45. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

46. Plaintiffs allege that prior to November 13, 2013, the Defendant CITY OF FAIRFIELD, CHIEF, and/or DOES 26-50 developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the citizens of FAIRFIELD who were victims of excessive force. Defendants CITY OF FAIRFIELD, CHIEF, and/or DOES 26-50 ignored complaints of malfeasance and actively covered up for his officers thereby ratifying their unconstitutional unlawful acts.

47. Plaintiffs further allege that Defendant CHIEF has in the past and continues to knowingly ratify the unconstitutional actions of his officers by shifting the blame to the victim of excessive force, misusing the criminal justice system to obtain privileged and private information to discredit said victims or circumvent the discovery rules in civil rights violation matters.

48. Plaintiffs further assert that Defendant CHIEF knowingly allows his subordinates and personnel to intentionally disperse false information to cover for officers' wrongdoing.

49. Instead of conducting a real investigation into Defendant officers' wrongdoing, Defendant CHIEF's policy and practice was to deny any wrong doing and fail to discipline officers for their wrongdoing.

50. Plaintiffs believes and asserts that it was and still is the policy and/or custom of FPD to inadequately and improperly investigate citizen complaints and claims of police misconduct, and said activity is at the behest of Defendant CHIEF.

1  51. As a result of the above described policies and customs, FPD officers, including the
2  defendant officers, believed that their actions would be ignored, approved and ratified by
3  supervisors and that misconduct and/or excessive force would not be investigated or
4  sanctioned, but would be tolerated.
5  WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### Negligence

### (Against all Defendants)

9  52. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set
10 forth here in full.
11 53. At the time of the subject incident Defendants each owed a duty to use reasonable care
12 to prevent foreseeable injuries to members of the public.
13 54. In doing the acts and/or omissions as alleged herein, the Defendants each negligently
14 breached their duty to use reasonable care, resulting in the injuries and damages alleged
15 herein to the Plaintiffs.
16 55. In doing the acts and/or omissions as alleged herein, each defendant was acting within
17 the course and scope of their employment with CITY OF FAIRFIELD. Therefore, defendant
18 CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior* for the damages
19 sustained by Plaintiffs as a result of the negligence of Defendants.
20 WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION

### Violation of Constitutional and Civil Rights -- California Civil Code § 52.1

### (Against all Defendants)

24 56. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set
25 forth here in full.
26 57. In doing the acts and/or omissions as alleged herein, defendants, and/or each of them,
27 violated Plaintiffs' rights guaranteed by the United States Constitution and/or the California
28 Constitution.

58. Defendants and/or each of them completed acts that violated Plaintiffs' constitutional right to be free from excessive force by law enforcement officers, the right to be free from unreasonable searches and seizures, and/or the right to due process of law.

59. As a result of the violation of Plaintiffs' rights under the United States and/or California Constitutions, Plaintiffs are entitled to relief under California Civil Code section 52 and 52.1 against Defendants and/or each of them.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### Assault and Battery

**(Against Defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)**

60. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

61. Defendants' conduct and/or each defendant's acts described herein constituted assault and battery.

62. As a result of the assault and battery, Plaintiffs suffered the damages alleged herein.

63. The conduct by Defendants and/or each of them was an unreasonable and excessive use of force.

64. The use of unreasonable and excessive use of force by the Defendants and/or each of them was a substantial factor in the cause of and the injuries to Plaintiffs.

65. Plaintiffs did not consent to the use of force against them.

66. Plaintiffs are informed and believe and thereon allege that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious and/or reckless disregard for the rights of Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages against said Defendants and/or each of them.

67. At the time the Defendants and/or each of them committed the assault and battery upon Plaintiffs, they and/or each of them, were acting within the course and scope of their employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the

doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

### False Imprisonment

**(Against Defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)**

68. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

69. Defendants and/or each of them intentionally deprived Plaintiffs of their freedom of movement by use of physical force.

70. Defendants and/or each of them did not have a warrant for Plaintiffs' arrests.

71. Defendants and/or each of them did not lawfully arrest Plaintiffs.

72. Defendants and/or each of them did not have a lawful reason to detain Plaintiffs and/or did not have a lawful reason to detain Plaintiffs for the duration of time Plaintiffs were detained.

73. Defendants and/or each of them compelled Plaintiffs to stay or go somewhere for some appreciable amount of time.

74. Plaintiffs suffered the damages set forth herein.

75. The Defendants' actions and/or each of their actions were a substantial factor in causing Plaintiffs harm.

76. Plaintiffs are informed and believe and thereon allege that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious and/or reckless disregard for the rights of Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages against said Defendants and/or each of them.

77. The intentional acts and/or omissions were done within the course and scope of the Defendants' employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress**

**(Against Defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)**

78. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

79. Defendants' conduct as described herein was extreme, unreasonable, and outrageous.

80. In engaging in the conduct as described herein Defendants and/or each of them intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiffs would suffer extreme emotional distress as a result of defendants' conduct.

81. As a result of the Defendant's intentional acts and/or omissions, Plaintiffs suffered severe emotional distress and will continue to do so.

82. The Defendants' actions and/or each of their actions were a substantial factor in causing Plaintiffs' severe emotional distress.

83. Plaintiffs are informed and believe and thereon allege that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious and/or reckless disregard for the rights of Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages against said Defendants and/or each of them.

84. The intentional acts and/or omissions were done within the course and scope of the Defendants' employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(Against Defendants PIRO, ROMBACH, APLEY, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)**

85. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

86. The acts and/or omissions of Defendants PIRO, ROMBACH, APLEY, BRUNIE,

GRIMM, PULSIPHER, BELK, and DOES 1-25, and/or each of them, were negligent. This negligence caused and/or will continue to cause Plaintiffs to suffer severe emotional distress.

87. As a result of the Defendant's acts and/or omissions, Plaintiffs incurred damages, and will continue to incur damages, as a result of the negligent infliction of emotional distress caused by Defendants and/or each of them.

88. The Defendants' actions and/or each of their actions were a substantial factor in causing Plaintiffs severe emotional distress.

89. The negligent act and/or omissions were done within the course and scope of the Defendants' employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

1. For general and special damages in an amount to be determined according to proof;
2. For punitive damages, as permitted by law and according to proof as to defendants PIRO, ROMBACH, BERTSCH, APLEY, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-50 and/or each of them;
3. For costs of suit;
4. For attorney fees pursuant to 42 U.S.C. § 1988; and
5. For such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues and claims for relief.

Dated: 11/12/2015          **LAW OFFICES OF JUSTIN KIRK TABAYOYON**

By:   /S/ Justin Kirk Tabayoyon
      JUSTIN KIRK TABAYOYON
      Attorney for Plaintiffs