JUSTIN KIRK TABAYOYON, S.B.N. 288957
**LAW OFFICES OF JUSTIN KIRK TABAYOYON**
1125 Missouri Street, Suite 209
Fairfield, CA 94533
Telephone: (707) 726-6009
Facsimile:   (925) 826-3504
justin@tabayoyonlaw.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

BILLY ROBERT COOK, MICHAEL JOHN MAROULAS, and BECKY SMISEK-GAGE,

    Plaintiffs,

v.

CITY OF FAIRFIELD, a municipal corporation; FORMER CITY OF FAIRFIELD POLICE CHIEF WALT TIBBET, in his individual and official capacities; REBECCA BELK and AARON BERTSCH, individually and in their official capacities as police sergeants for the City of Fairfield, FRANK PIRO, KELLY ROMBACH, ADAM BRUNIE, CHRISTOPHER GRIMM, KEITH PULSIPHER, and DOES 1-50, individually and in their capacities as peace officers,

    Defendants.

**Case No.: 2:15-cv-02339-KJM-KJN**

**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS**
**(42 U.S.C. §§ 1983; and Supplemental Claims)**

**<u>DEMAND FOR JURY TRIAL</u>**

## <u>JURISDICTION</u>

1. This action is brought pursuant to Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and the Constitution of the State of California, including but not limited to Civil Code § 52.1 and California common law.

2. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §§ 1331 and 1343. The state claims alleged herein arise from the same facts as the federal such that all claims alleged herein would ordinarily be prosecuted as a single action. This court has supplemental

jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3. Within six months of the events subject of this lawsuit, Plaintiffs COOK and MAROULAS filed claims against the City of Fairfield in accordance with California Government Code § 910 et seq. The City of Fairfield acknowledged COOK's claim in writing on May 8, 2014. The City of Fairfield failed to give written notice of its action or inaction on COOK's claim under California Government Code section 913 as of the time of filing of this action. Plaintiffs filed this action within two years from the accrual of Plaintiffs' causes of action, as required by California Government Code § 945.6.

## VENUE

4. The unlawful acts and practices alleged herein occurred in the City of Fairfield, County of Solano, which is within this judicial district. Venue therefore lies in this Court pursuant to 28 U.S.C. § 1392(b)(2).

## PARTIES

5. Plaintiff BILLY ROBERT COOK ("COOK") is, and was at all relevant times herein mentioned, a competent adult resident of the State of California.

6. Plaintiff MICHAEL JOHN MAROULAS ("MAROULAS") is, and was at all relevant times herein mentioned, a competent adult resident of the State of California.

7. Plaintiff BECKY SMISEK-GAGE ("GAGE") is, and was at all relevant times herein mentioned, a competent adult resident of the State of California.

8. COOK, MAROULAS, and GAGE are collectively referred to herein as "Plaintiffs".

9. Defendant CITY OF FAIRFIELD, California, is a legal and political entity, a municipal corporation, established under the laws of the State of California and its charter with all the powers specified and necessarily implied by the Constitution and laws of the State of California and exercised by a duly elected City Council and/or its agents and officers. Defendant CITY OF FAIRFIELD is subject to suit within the meaning of 42 U.S.C. § 1983 under <u>Monell v. Dept. of Social Services</u>, 436 U.S. 658 (1978). The Fairfield Police Department ("FPD") is a public agency within defendant CITY OF FAIRFIELD.

10. Defendant WALT TIBBET ("CHIEF") was, at the times relevant hereto, the Chief of

1  Police for FPD, and in such capacity was responsible for, among other things, the

2  employment, discharge, training, supervision, control, assignment and discipline of all sworn

3  and civilian personnel of FPD, and the formulation, promulgation, adoption, application,

4  implementation, administration, enforcement and revocation of the policies and practices of

5  FPD. He is sued individually and in his official capacity.

6  11. Defendant FRANK PIRO ("PIRO") was, at all times relevant hereto, employed as a

7  police officer for the CITY OF FAIRFIELD. Defendant PIRO is sued as an individual as well as

8  in his official capacity as a police officer for CITY OF FAIRFIELD.

9  12. Defendant KELLY ROMBACH ("ROMBACH") was, at all times relevant hereto,

10  employed as a police officer for the CITY OF FAIRFIELD. Defendant ROMBACH is sued as an

11  individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

12  13. Defendant ADAM BRUNIE ("BRUNIE") was, at all times relevant hereto, employed as a

13  police officer for the CITY OF FAIRFIELD. Defendant BRUNIE is sued as an individual as well

14  as in his official capacity as a police officer for CITY OF FAIRFIELD.

15  14. Defendant CHRISTOPHER GRIMM ("GRIMM") was, at all times relevant hereto,

16  employed as a police officer for the CITY OF FAIRFIELD. Defendant GRIMM is sued as an

17  individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

18  15. Defendant KEITH PULSIPHER ("PULSIPHER") was, at all times relevant hereto,

19  employed as a police officer for the CITY OF FAIRFIELD. Defendant PULSIPHER is sued as

20  an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

21  16. Defendant REBECCA BELK ("BELK") was, at all times relevant hereto, employed as a

22  police sergeant for the CITY OF FAIRFIELD. BELK was responsible for supervision of PIRO,

23  ROMBACH, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive, during the relevant

24  time period. Defendant BELK is sued as an individual as well as in her official capacity as a

25  police sergeant for CITY OF FAIRFIELD.

26  17. Defendant AARON BERTSCH ("BERTSCH") was, at all times relevant hereto,

27  employed as a police sergeant for the CITY OF FAIRFIELD. BERTSCH was responsible for

28  supervision of PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive,

3

during the relevant time period. Defendant BERTSCH is sued as an individual as well as in his official capacity as a police sergeant for CITY OF FAIRFIELD.

18. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each DOE defendant is responsible in some manner for the injuries and damages set forth herein. At all times mentioned, each named and DOE defendant was the agent, employee or otherwise a co-venturer of CITY OF FAIRFIELD, and in doing the things alleged, was acting under the color of state law and within the course and scope of the agency or employment and with the actual or implied permission, consent, and approval of CITY OF FAIRFIELD. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and/or false arrests. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control upon any other act or omissions. Upon ascertaining the true identity of a DOE defendant, Plaintiffs will amend this complaint or seek leave to do so by inserting the true name of such "DOE" defendant.

19. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment at with the CITY OF FAIRFIELD.

20. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under the color of authority and/or the color of law.

21. Due to the acts and/or omissions, alleged herein, Defendants, and each of them, acted as the agent, servant, employee, and/or in concert with each of said other Defendants herein.

**STATEMENT OF FACTS**

22. On or about November 13, 2013, FAIRFIELD Police Officers PIRO and ROMBACH were dispatched to COOK's residence. Outside COOK's apartment, PIRO spoke with AMY IRIARTE ("IRIARTE"). IRIARTE indicated she and her wife had temporary custody of COOK's daughter, Billie Jean Cook ("BILLIE JEAN"), and produced a temporary guardianship order for

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

PIRO's inspection. IRIARTE indicated that BILLIE JEAN had not been respecting the custody order and had been running away to stay at COOK's apartment. She further informed PIRO that BILLIE JEAN had been using marijuana with her father. PIRO did not make any effort to independently verify the claim of marijuana use or inquire further into that allegation.

23. PIRO approached the residence to contact COOK. Prior to approaching the residence PIRO did not make any attempt to inquire with FPD dispatch about prior contacts at the residence regarding BILLIE JEAN at the residence. If PIRO had made such an inquiry, he would have learned that FPD officers had responded to the residence recently and left BILLIE JEAN there despite the temporary guardianship order. PIRO also failed to take any action to determine whether BILLIE JEAN had been seen at the residence that day, such as contacting the neighbors.

24. COOK's front door was open but there was a metal door with a screen that was shut. COOK was inside his apartment in his living room. PIRO verbally asked to speak with COOK through the screen door. PIRO began asking COOK questions. COOK was standing with his hands resting in his back pockets while not detained. PIRO ordered COOK to remove his hands from his back pockets. COOK immediately complied and removed his hands from his pockets and placed them in the air in front of him in a non-threatening manner and in PIRO's full view. PIRO did not have any objective facts to detain COOK or objective facts to reasonably believe COOK planned to use a weapon against the officers. PIRO also did not have any objective facts to indicate BILLIE JEAN was inside the residence at that moment as opposed to sometime in the past. COOK indicated to PIRO that BILLIE JEAN was not there and verbally declined to speak with PIRO any further. COOK then tried to close the front door.

25. PIRO unlawfully prevented COOK from closing the door by kicking it open with his foot. PIRO had no lawful reason to arrest or detain COOK. PIRO unlawfully entered COOK's residence by placing his hand or foot into COOK's apartment — across the plane of the doorway —to prevent COOK from closing his front door. PIRO then fully entered into COOK's residence without an arrest or search warrant, and without reasonable suspicion or probable cause to detain or arrest COOK. PIRO entered into COOK's apartment, physically attacked

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

COOK, and forced COOK to the ground. COOK landed on the ground on his back. PIRO stood over COOK and struck COOK at least three times in the face and head with his fist. COOK rolled onto his stomach to avoid PIRO's fist strikes. COOK had nothing in his hands at the time. PIRO then retrieved a baton and struck COOK at least two or three times with it in the left rib cage while COOK was face-down on the ground on his stomach with nothing in his hands. PIRO then delivered at least two or three more baton strikes to COOK'S left ribs while COOK was defenseless and posed no danger to PIRO.

26. While PIRO was beating COOK, ROMBACH likewise was beating others, including a dog associated with the residence. First, ROMBACH reached into the apartment and grabbed GAGE. ROMBACH threw GAGE to the ground outside the apartment's front door. Then ROMBACH struck a dog associated with the residence with his baton. When neighbors saw what was going on, a neighbor approached ROMBACH and was very upset because he had witnessed ROMBACH throw GAGE to the ground for no apparent reason and strike the dog. That witness tended to the dog and ROMBACH entered COOK's residence. GAGE got off the ground and attempted to reenter the residence. ROMBACH then struck GAGE and forced her outside of the apartment again. BRUNIE thereafter grabbed GAGE and threw her to the ground.

27. ROMBACH then focused his violence on MAROULAS. MAROULAS was inside the small apartment when PIRO forced entry and forced COOK to the ground. ROMBACH attacked MAROULAS to ensure MAROULAS would not lawfully attempt to stop PIRO's unlawful and violent attack on COOK. ROMBACK kicked MAROULAS causing his body to spin and fall. MAROULAS ended up face down on a nearby couch. BRUNIE and Fairfield Officer Mark Apley held down MAROULAS, while ROMBACH punched MAROULAS approximately five times in the cheek and face with a closed fist while MAROULAS was face down on his stomach on a couch. ROMBACH then stuck MAROULAS approximately 5 times in the head with his elbow. Simultaneously, BRUNIE struck MAROULAS with a baton in the back and used his knee to strike MAROULAS in the face. After the officers were done beating MAROULAS, ROMBACH placed MAROULAS in handcuffs. BRUNIE then turned his attention to COOK and

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

swung his baton at COOK's right leg while he was being held face down on the ground by other officers.

28. At some point, GRIMM, BELK, PULSIPHER, and DOES 1-25 arrived and assisted in placing COOK, GAGE, and MAROULAS, in handcuffs and in searching COOK's home without a warrant. COOK's home was clear of anything illegal or reasonably threatening to the officers' safety.

29. On information and belief, Plaintiffs allege that officers then colluded and fabricated reasons to arrest Plaintiffs to justify their actions and escape liability and consequence for their unlawful actions. Plaintiffs were maliciously arrested and charged with resisting arrest.

30. COOK was additionally falsely arrested for battering PIRO. GAGE was falsely arrested for battering ROMBACH. Significantly, there was no underlying charges, and BILLIE JEAN was not located at the residence.

31. The joint criminal prosecution of all of the current Plaintiffs resolved by way of jury trial. COOK, MAROULAS, and GAGE were acquitted by a jury of _all_ charges.

32. COOK filed a claim with FPD on May 6, 2014, alleging that FPD police officers used excessive force as well as conducted an illegal search and seizure. He received a letter from George Hills Company, claim administrators for FPD, dated May 8, 2014, acknowledging COOK's claim. As of the time of filing of this action, COOK has not received a notice of action or inaction on his claim from FPD or any of FPD's agents.

33. Plaintiffs are informed and believe that thereon allege that the CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH and DOES 26-50, inclusive, breached their duty of care to the public by failing to discipline defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive, demonstrates the existence of an entrenched culture, policy, or practice of promoting, tolerating, and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force, and the fabrication of official reports to cover up the misconduct of defendants' PIRO, ROMBACH, BRUNIE,

1  GRIMM, PULSIPHER, and DOES 1-25, inclusive.

2  34. Plaintiffs are informed and believe that thereon allege that members of FPD, including

3  but not limited to, defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK,

4  and/or DOES 1-25 and/or each of them have, individually and/or while acting in concert with

5  one another, engaged in a repeated pattern and practice of making improper detentions and/or

6  false arrests and using excessive, arbitrary and/or unreasonable force against individuals,

7  including, but not limited to, Plaintiffs.

8  35. Plaintiffs are informed and believe that thereon allege that as a matter of official policy,

9  rooted in an entrenched posture of deliberate indifference to the constitutional rights of

10  citizens, defendant CITY OF FAIRFIELD has long allowed citizens, such as Plaintiffs, to be

11  abused by its police officers, including by defendants PIRO, ROMBACH, BERTSCH, BRUNIE,

12  GRIMM, PULSIPHER, and/or DOES 1-25 and/or each of them, individually and/or while acting

13  in concert with one another.

14  36. As a result of the pre-existing customs, polices, patterns and/or practices of such abuse

15  by members of FPD, Plaintiffs were subjected to the violation of their constitutional rights as

16  alleged herein.

17  **STATEMENT OF DAMAGES**

18  37. As a result of the acts and/or omissions of Defendants and/or each of them, as alleged

19  herein, Plaintiffs have suffered, and will likely continue to suffer in the future, general damages,

20  including, but not limited to, general damages for pain, suffering, emotional distress,

21  permanent disabilities, permanent injuries, and/or other general damages in amounts to be

22  determined according to proof.

23  38. Plaintiffs also suffered, and will likely suffer in the future, special damages, including but

24  not limited to, special damages for medical and related expenses; lost wages and benefits;

25  damage to career and/or loss of earning capacity; vocational and occupational rehabilitation

26  expenses and/or other special damages in amounts to be determined according to proof.

27  39. The acts and/or omissions of Defendants PIRO, ROMBACH, BRUNIE, GRIMM,

28  PULSIPHER, BELK, and/or DOES 1-50, and/or each of them, were intentional, despicable,

oppressive, punitive, malicious, and/or were done with a conscious and/or reckless disregard of Plaintiffs' rights and safety, justifying an award of punitive damages.

40. Plaintiffs found it necessary to engage in the services of private counsel to vindicate Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees and/or costs pursuant to the statue(s) in the event that Plaintiffs are the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988.

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983/Individual Liability**

**(Against Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)**

41. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

42. In doing the acts complained of herein, defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25 and/or each of them, did act under color of state law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Forth and Fourteenth Amendments to the United States Constitution;

    b. The right to not to be deprived of liberty without due process of the law; as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United State Constitution;

    e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution; and

9

1      f. The right to enjoy civil and statutory rights.

2      43. Said rights are substantive guarantees under the Fourth and/or Fourteenth

3 Amendments to the United States Constitution.

4      44. As a result of the violation of their constitutional rights by defendants PIRO,

5 ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25 and/or each of them,

6 Plaintiffs sustained the injuries or damages as alleged in this Complaint.

7      WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

8      **SECOND CAUSE OF ACTION**

9      **42 U.S.C. Section 1983/Municipal Liability (*Monell*) and Supervisory Liability**

10    **(Against Defendants CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50)**

11      45. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set

12 forth here in full.

13      46. Plaintiffs are informed and believe and allege the unconstitutional actions and/or

14 omissions of Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or

15 DOES 1-25 and/or each of them, and other officers employed on behalf of the CITY OF

16 FAIRFIELD, were pursuant to the following customs, policies, practices, and/or procedures of

17 FPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by

18 policy making officers for CITY OF FAIRFIELD and the FPD, including by not limited to

19 Defendant CHIEF:

20      a. To use or tolerate the use of excessive and/or unjustified force;

21      b. To cover-up violations of constitutional right by any and all of the following:

22        i.  by failing to properly investigate and/or evaluate complaints or incidents of

23            excessive and unreasonable force, and/or unlawful seizures;

24       ii.  by ignoring and/or failing to properly and adequately investigate and discipline

25            unconstitutional or unlawful police activity; and

26      iii.  by allowing, tolerating, and/or encouraging police officers to: fail to file complete and

27            accurate police reports; file false police reports; make false statements; intimidate,

28            bias and/or "coach" witnesses to give false information and/or attempt to bolster

officer' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information.

c. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

d. To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.; and

e. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (d) above, with deliberate indifference of the rights and safety of Plaintiffs and the public, and in the face of an obvious need for such policies, procedures, and training programs.

47. Plaintiffs are informed and believe that thereon allege Defendants CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50 failed to properly hire, train, instruct, supervise, evaluate, investigate, and discipline Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25 and/or each of them, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described in the preceding and subsequent paragraphs.

48. The unconstitutional actions and/or omissions of CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, and other FPD personnel, as described in the preceding and subsequent paragraphs, were approved, tolerated, and/or ratified by policy-making officers for FPD. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers with the CITY OF FAIRFIELD and the FPD including CHIEF and his successor, and that such policy makers have direct knowledge of the fact that the use of force on Plaintiffs was not justified, but represented an unconstitutional

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

1   displace of unreasonable and excessive force following an unlawful detention and arrest.

2   Notwithstanding that knowledge, the authorized policy makers with CITY OF FAIRFIELD

3   and FPD have approved of Defendants ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK,

4   and/or DOES 1-25, use of excessive force against Plaintiffs, and have made a deliberate

5   choice to endorse ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25, use

6   of force against Plaintiffs. By so doing, the authorized policy makers within CITY OF

7   FAIRFIELD and FPD have shown affirmative agreement with the individual officers' actions,

8   and have ratified the unconstitutional acts of the individual defendant officers.

9       49. The aforementioned customs, policies, practices, and procedures, the failures to

10   properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and

11   discipline, as well as unconstitutional order, approvals, ratification and toleration of wrongful

12   conduct of CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, were a moving

13   force and/or proximate cause of the deprivations of Plaintiffs' clearly-established and well-

14   settled constitutional right in violation of 42 USC § 1983, as more full set forth in Paragraph 42

15   above.

16      50. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights

17   described herein, knowingly, maliciously, and with conscious and reckless disregard for

18   whether the rights and safety of Plaintiffs and others would be violated by their acts and/or

19   omissions.

20      51. Prior to November 13, 2013, on or about July 4, 2009, a relevant incident occurred

21   involving two of the same defendants in this action, CITY OF FAIRFIELD and GRIMM. The

22   incident resulted in CITY OF FAIRFIELD and GRIMM being sued in the United States District

23   Court for the Eastern District of California. The case number for that action was 2:10-cv-00508-

24   DAD. The complaint alleged, similar to this lawsuit, "officers became violent and arrested

25   Plaintiffs under the guise of resisting arrest."

26      52. Plaintiffs are informed and believe and allege based upon an article in the Daily

27   Republic newspaper published on January 1, 2015, that a jury trial resulted in three plaintiffs

28   receiving compensation for their false arrests based on the July 4, 2009, incident.

53. Prior to the July 4, 2009, incident, on February 5, 2004, there was a relevant incident that occurred involving CITY OF FAIRFIELD officer Jausiah Jacobsen ("JACOBSEN") and BERTSCH. That incident also resulted in a federal lawsuit in the United States District Court for the Eastern District of California. The case number assigned was 2:05-cv-00223-DFL-PAN. The federal complaint in that case, similarly to this case, alleged JACOBSEN "acted with malice in fabricating a justification for JACOBSEN's use of force against plaintiff, and in causing plaintiff to be charged with a violation of Penal Code section 148 for the purposes of further humiliating and belittling plaintiff, concealing JACOBSEN's own wrongdoing, and impeding plaintiff's ability to obtain a remedy for the injuries inflicted by JACOBSEN."

54. Plaintiffs are informed and believe and allege that thereafter the CITY OF FAIRFIELD promoted these officers to leadership roles. BERTSCH was promoted to a Police Sergeant and JACOBSEN was promoted to a Police Lieutenant despite the incident.

55. Plaintiffs are informed and believe and allege that CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, failed to adequately train officers about their legal duty to avoid violating citizens' rights.

56. Plaintiffs are informed and believe and thereon allege that prior to November 13, 2013, the Defendant CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, and/or each of them, developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of the citizens of FAIRFIELD who were victims of excessive force. Defendants CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, and/or each of them, ignored complaints of malfeasance and actively covered up for officers thereby ratifying their unconstitutional unlawful acts.

57. Plaintiffs are informed and believe and thereon allege that Defendants CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, and/or each of them, has in the past and continues to knowingly ratify the unconstitutional actions of his officers by shifting the blame to the victim of excessive force, misusing the criminal justice system to obtain privileged and private information to discredit said victims or circumvent the discovery rules in civil rights violation matters.

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

58. Plaintiffs are informed and believe and thereon allege that Defendants CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, and/or each of them, knowingly allows subordinate and personnel to intentionally disperse false information to cover for officers' wrongdoing.

59. Plaintiffs are informed and believe and thereon allege instead of conducting a real investigation into Defendant officers' wrongdoing, Defendant CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, and/or each of them, had a policy and practice to deny any wrong doing and fail to discipline officers for their wrongdoing.

60. Plaintiffs are informed and believe and thereon allege that it was and still is the policy and/or custom of CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, and/or each of them, to inadequately and improperly investigate citizen complaints and claims of police misconduct, and said activity is at the behest of Defendant CHIEF and his successor.

61. Plaintiffs are informed and believe and thereon allege as a result of the above described policies and customs, FPD officers, including the defendant officers, believed that their actions would be ignored, approved and ratified by supervisors and that misconduct and/or excessive force would not be investigated or sanctioned, but would be tolerated.

62. As a direct and proximate result of the unconstitutional actions, omissions, customs, practices, polices, practices and procedures of CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, as described in the preceding and subsequent paragraphs, Plaintiffs sustained serious injuries and are entitled to damages, penalties, costs and attorneys' fees as set for in herein, and punitive damages against Defendants CHIEF, BELK, BERTSCH, and DOES 26-50 in their individual capacities.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION

### Negligence; Personal Injuries

### (Against all Defendants)

63. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

14

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

64. At the time of the subject incident Defendants each owed a duty to act with due care in the execution and enforcement of any right, law or legal obligation.

65. At all times, each Defendant owed Plaintiffs the duty to act with reasonable care.

66. These general duties of reasonable care owed to Plaintiffs by all Defendants include by are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiffs;

    b. to refrain from unreasonably creating the situation where force is used;

    c. to refrain from abusing their authority granted them by law;

    d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as described in the preceding and subsequent paragraphs, and as otherwise protected by law.

67. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by Defendants CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, include but are not limited to the following specific obligations:

    a. to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

    b. to refrain from making, enforcing, and/or tolerating the wrongful policies, training, and customs set forth in paragraph 46, above.

68. Defendants, in doing the acts and/or omissions as alleged herein, negligently breached each and every one of the aforementioned duties owed to Plaintiff.

69. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries and damages, and against each and every Defendant are entitled to relief, and punitive damages against Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, DOES 1-25, CHIEF, BELK, BERTSCH, and DOES 26-50 in their individual capacities.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

**FOURTH CAUSE OF ACTION**

**Violation of Constitutional and Civil Rights -- California Civil Code § 52.1**

**(Against all Defendants)**

70. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

71. By their acts, omissions, customs, practices, and policies, each Defendant acting in concert/conspiracy, as described in the preceding and subsequent paragraphs, and each acting individually, interfered with, attempted to interfere with, violated Plaintiff's rights under California Civil Code § 52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

 a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

 b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

 c. The right to be free from unreasonable use of deadly force as secured by the Fourth and Fourteenth Amendments;

 d. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13; and

 e. The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

72. Defendants and/or each of them completed acts that violated Plaintiffs' constitutional right to be free from excessive force by law enforcement officers, the right to be free from unreasonable searches and seizures, and/or the right to due process of law.

73. As a result of the violation of Plaintiffs' rights under the United States and/or California Constitutions, Plaintiffs are entitled to relief under California Civil Code section 52 and 52.1 against Defendants and/or each of them, not limited to costs, attorney fees, three times actual damages, and civil penalties.

16

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### Assault and Battery

### (Against Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)

74. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

75. Defendants' conduct and/or each defendant's acts described herein constituted assault and battery.

76. As a result of the assault and battery, Plaintiffs suffered the damages alleged herein.

77. The conduct by Defendants and/or each of them was an unreasonable and excessive use of force.

78. The use of unreasonable and excessive use of force by the Defendants and/or each of them was a substantial factor in the cause of and the injuries to Plaintiffs.

79. Plaintiffs did not consent to the use of force against them.

80. Plaintiffs are informed and believe and thereon allege that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious and/or reckless disregard for the rights of Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages against said Defendants and/or each of them.

81. At the time the Defendants and/or each of them committed the assault and battery upon Plaintiffs, they and/or each of them, were acting within the course and scope of their employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

## SIXTH CAUSE OF ACTION

### False Imprisonment

### (Against Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)

82. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

83. Defendants and/or each of them intentionally deprived Plaintiffs of their freedom of movement by use of physical force.

84. Defendants and/or each of them did not have a warrant for Plaintiffs' arrests.

85. Defendants and/or each of them did not lawfully arrest Plaintiffs.

86. Defendants and/or each of them did not have a lawful reason to detain Plaintiffs and/or did not have a lawful reason to detain Plaintiffs for the duration of time Plaintiffs were detained.

87. Defendants and/or each of them compelled Plaintiffs to stay or go somewhere for some appreciable amount of time.

88. Plaintiffs suffered the damages set forth herein.

89. The Defendants' actions and/or each of their actions were a substantial factor in causing Plaintiffs harm.

90. Plaintiffs are informed and believe and thereon allege that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious and/or reckless disregard for the rights of Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages against said Defendants and/or each of them.

91. The intentional acts and/or omissions were done within the course and scope of the Defendants' employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

**SEVENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**(Against Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)**

92. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

93. Defendants' conduct as described herein was extreme, unreasonable, and outrageous.

94. In engaging in the conduct as described herein Defendants and/or each of them intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiffs would suffer extreme emotional distress as a result of defendants' conduct.

95. As a result of the Defendant's intentional acts and/or omissions, Plaintiffs suffered severe emotional distress and will continue to do so.

96. The Defendants' actions and/or each of their actions were a substantial factor in causing Plaintiffs' severe emotional distress.

97. Plaintiffs are informed and believe and thereon allege that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious and/or reckless disregard for the rights of Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages against said Defendants and/or each of them.

98. The intentional acts and/or omissions were done within the course and scope of the Defendants' employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

//
//
//
//
//
//

19

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

**EIGHTH CAUSE OF ACTION**

**Negligent Infliction of Emotional Distress**

**(Against Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)**

99. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

100. The acts and/or omissions of Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25, and/or each of them, were negligent. This negligence caused and/or will continue to cause Plaintiffs to suffer severe emotional distress.

101. As a result of the Defendant's acts and/or omissions, Plaintiffs incurred damages, and will continue to incur damages, as a result of the negligent infliction of emotional distress caused by Defendants and/or each of them.

102. The Defendants' actions and/or each of their actions were a substantial factor in causing Plaintiffs severe emotional distress.

103. The negligent act and/or omissions were done within the course and scope of the Defendants' employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray for relief as follows:

1. For general and special damages in an amount to be determined according to proof;

2. For punitive damages, as permitted by law and according to proof as to defendants CHIEF, BELK, BERTSCH, and DOES 26-50, PIRO, ROMBACH, BERTSCH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-50 and/or each of them;

3. For costs of suit;

4. For attorney fees pursuant to 42 U.S.C. § 1988; and

5. For such other relief as this Court deems appropriate.

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all issues and claims for relief.

Dated:02/26/2016                    **LAW OFFICES OF JUSTIN KIRK TABAYOYON**


                              By:    /S/ Justin Kirk Tabayoyon
                                     JUSTIN KIRK TABAYOYON
                                     Attorney for Plaintiffs

*First Amended Complaint for Violations of Civil Rights and Supplemental Claims*