1  JUSTIN KIRK TABAYOYON, S.B.N. 288957
2  **LAW OFFICES OF JUSTIN KIRK TABAYOYON**
   1125 Missouri Street, Suite 209
3  Fairfield, CA 94533
   Telephone: (707) 726-6009
4  Facsimile:  (925) 826-3504
   justin@tabayoyonlaw.com
5
6  Attorney for Plaintiffs
7
8              **UNITED STATES DISTRICT COURT**
9              **EASTERN DISTRICT OF CALIFORNIA**
10
   BILLY ROBERT COOK, MICHAEL JOHN     Case No.: 2:15-cv-02339-KJM-KJN
11 MAROULAS, and BECKY SMISEK-GAGE,
                                        **THIRD AMENDED COMPLAINT FOR**
12       Plaintiffs,                    **DAMAGES FOR VIOLATIONS OF CIVIL**
                                        **RIGHTS**
13 v.                                   **(42 U.S.C. §§ 1983; and Supplemental**
   CITY OF FAIRFIELD, a municipal       **Claims)**
14 corporation; FORMER CITY OF
   FAIRFIELD POLICE CHIEF WALT
15 TIBBET, in his individual capacity;
   REBECCA BELK and AARON BERTSCH,      **DEMAND FOR JURY TRIAL**
16 individually and in their official capacities
   as police sergeants for the City of
17 Fairfield, FRANK PIRO, KELLY
   ROMBACH, ADAM BRUNIE,
18 CHRISTOPHER GRIMM, KEITH
   PULSIPHER, and DOES 1-50, individually
19 and in their capacities as peace officers,
20
         Defendants.
21
22                      **JURISDICTION**
23     1. This action is brought pursuant to Title 42 U.S.C. §§ 1983 and 1988; the Fourth
24 Amendment to the United States Constitution incorporated and applied to the states through
25 the Fourteenth Amendment; and the Constitution of the State of California, including but not
26 limited to Civil Code § 52.1 and California common law.
27     2. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §§ 1331 and 1343. The state
28 claims alleged herein arise from the same facts as the federal such that all claims alleged

                                  1

1  herein would ordinarily be prosecuted as a single action. This court has supplemental
2  jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3  3. Within six months of the events subject of this lawsuit, Plaintiffs COOK and MAROULAS
4  filed claims against the City of Fairfield in accordance with California Government Code § 910
5  et seq. The City of Fairfield acknowledged COOK's claim in writing on May 8, 2014. The City of
6  Fairfield failed to give written notice of its action or inaction on COOK's claim under California
7  Government Code section 913 as of the time of filing of this action. Plaintiffs filed this action
8  within two years from the accrual of Plaintiffs' causes of action, as required by California
9  Government Code § 945.6.

## VENUE

4. The unlawful acts and practices alleged herein occurred in the City of Fairfield, County of
12  Solano, which is within this judicial district. Venue therefore lies in this Court pursuant to 28
13  U.S.C. § 1392(b)(2).

## PARTIES

5. Plaintiff BILLY ROBERT COOK ("COOK") is, and was at all relevant times herein
16  mentioned, a competent adult resident of the State of California.

6. Plaintiff MICHAEL JOHN MAROULAS ("MAROULAS") is, and was at all relevant times
18  herein mentioned, a competent adult resident of the State of California.

7. Plaintiff BECKY SMISEK-GAGE ("GAGE") is, and was at all relevant times herein
20  mentioned, a competent adult resident of the State of California.

21  8. COOK, MAROULAS, and GAGE are collectively referred to herein as "Plaintiffs".

9. Defendant CITY OF FAIRFIELD, California, is a legal and political entity, a municipal
23  corporation, established under the laws of the State of California and its charter with all the
24  powers specified and necessarily implied by the Constitution and laws of the State of California
25  and exercised by a duly elected City Council and/or its agents and officers. Defendant CITY
26  OF FAIRFIELD is subject to suit within the meaning of 42 U.S.C. § 1983 under <u>Monell v. Dept.</u>
27  <u>of Social Services</u>, 436 U.S. 658 (1978). The Fairfield Police Department ("FPD") is a public
28  agency within defendant CITY OF FAIRFIELD.

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

10. Defendant WALT TIBBET ("CHIEF") was, at the times relevant hereto, the Chief of Police for FPD, and in such capacity was responsible for, among other things, the employment, discharge, training, supervision, control, assignment and discipline of all sworn and civilian personnel of FPD, and the formulation, promulgation, adoption, application, implementation, administration, enforcement and revocation of the policies and practices of FPD. He is sued individually.

11. Defendant FRANK PIRO ("PIRO") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant PIRO is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

12. Defendant KELLY ROMBACH ("ROMBACH") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant ROMBACH is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

13. Defendant ADAM BRUNIE ("BRUNIE") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant BRUNIE is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

14. Defendant CHRISTOPHER GRIMM ("GRIMM") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant GRIMM is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

15. Defendant KEITH PULSIPHER ("PULSIPHER") was, at all times relevant hereto, employed as a police officer for the CITY OF FAIRFIELD. Defendant PULSIPHER is sued as an individual as well as in his official capacity as a police officer for CITY OF FAIRFIELD.

16. Defendant REBECCA BELK ("BELK") was, at all times relevant hereto, employed as a police sergeant for the CITY OF FAIRFIELD. BELK was responsible for supervision of PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive, during the relevant time period. Defendant BELK is sued as an individual as well as in her official capacity as a police sergeant for CITY OF FAIRFIELD.

17. Defendant AARON BERTSCH ("BERTSCH") was, at all times relevant hereto, employed as a police sergeant for the CITY OF FAIRFIELD. BERTSCH was responsible for

1  supervision of PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive,

2  during the relevant time period. Defendant BERTSCH is sued as an individual as well as in his

3  official capacity as a police sergeant for CITY OF FAIRFIELD.

4  18. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as

5  DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.

6  Plaintiffs are informed and believe and thereon allege that each DOE defendant is responsible

7  in some manner for the injuries and damages set forth herein. At all times mentioned, each

8  named and DOE defendant was the agent, employee or otherwise a co-venturer of CITY OF

9  FAIRFIELD, and in doing the things alleged, was acting under the color of state law and within

10 the course and scope of the agency or employment and with the actual or implied permission,

11 consent, and approval of CITY OF FAIRFIELD. Each defendant proximately caused injuries

12 and damages because of their negligence, breach of duty, negligent supervision, management

13 or control, violation of public policy, and/or false arrests. Each defendant is liable for his/her

14 personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally

15 or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care,

16 or control upon any other act or omissions. Upon ascertaining the true identity of a DOE

17 defendant, Plaintiffs will amend this complaint or seek leave to do so by inserting the true

18 name of such "DOE" defendant.

19 19. In doing the acts alleged herein, Defendants, and each of them, acted within the course

20 and scope of their employment at with the CITY OF FAIRFIELD.

21 20. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted

22 under the color of authority and/or the color of law.

23 21. Due to the acts and/or omissions, alleged herein, Defendants, and each of them, acted

24 as the agent, servant, employee, and/or in concert with each of said other Defendants herein.

25 **STATEMENT OF FACTS**

26 22. On or about November 13, 2013, FAIRFIELD Police Officers PIRO and ROMBACH

27 were dispatched to COOK's residence. Outside COOK's apartment, PIRO spoke with AMY

28 IRIARTE ("IRIARTE"). IRIARTE indicated she and her wife had temporary custody of COOK's

4

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

daughter, Billie Jean Cook ("BILLIE JEAN"), and produced a temporary guardianship order for PIRO's inspection. IRIARTE indicated that BILLIE JEAN had not been respecting the custody order and had been running away to stay at COOK's apartment. She further informed PIRO that BILLIE JEAN had been using marijuana with her father. PIRO did not make any effort to independently verify the claim of marijuana use, inquire into the whether this occurred during a recent and relevant time period, or otherwise further investigate that allegation prior to contacting Cook.

23. PIRO approached the residence to contact COOK. Prior to approaching the residence PIRO did not make any attempt to inquire with FPD dispatch about prior contacts at the residence regarding BILLIE JEAN at the residence. If PIRO had made such an inquiry, he would have learned that FPD officers had responded to the residence recently and left BILLIE JEAN there despite the temporary guardianship order. PIRO also failed to take any action to determine whether BILLIE JEAN had been seen at the residence that day, such as contacting the neighbors.

24. COOK's front door was open but there was a metal screen door that was shut. COOK was inside his apartment in his living room. PIRO verbally asked to speak with COOK through the screen door. PIRO began asking COOK questions. COOK was standing with his hands resting in his back pockets while not detained. Without telling COOK that he was detained, without reasonable suspicion to detain COOK, PIRO ordered COOK to remove his hands from his back pockets. COOK immediately removed his hands from his pockets and placed them in the air in front of him in a non-threatening manner and in PIRO's full view. Before and after COOK removed his hands from his pockets, PIRO did not have any objective facts to detain COOK or reasonably believe COOK planned to use a weapon against PIRO or other officers. PIRO also did not have any objective facts to indicate BILLIE JEAN was inside the residence at that moment as opposed to sometime in the past. COOK clearly indicated to PIRO that BILLIE JEAN was not there and verbally declined to speak with PIRO any further. COOK then tried to close his front door. COOK's attempted exercise of his civil liberty and protected constitutional right not to talk to PIRO and shut the door to his home infuriated PIRO.

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

25. PIRO unlawfully prevented COOK from closing the door by kicking it open with his foot. PIRO had no lawful reason to arrest or detain COOK. PIRO unlawfully entered COOK's residence by placing his hand or foot into COOK's apartment — across the plane of the doorway — to prevent COOK from closing his front door. PIRO then fully entered into COOK's residence without an arrest or search warrant, and without reasonable suspicion or probable cause to detain or arrest COOK. There was no exigent circumstance known or unknown to PIRO to justify entering COOK's apartment without a warrant. PIRO entered into COOK's apartment, physically attacked COOK, and forced COOK to the ground. COOK landed on the ground on his back. PIRO then stood over COOK and struck COOK at least three times in the face and head with his fist. COOK rolled onto his stomach to avoid PIRO's fist strikes. COOK had nothing in his hands at the time. PIRO never saw anything in COOK's hands to cause any legitimate concern that COOK possessed a weapon of any kind. PIRO then retrieved a baton and struck COOK at least two or three times with it in the left rib cage while COOK was face-down on the ground on his stomach with nothing in his hands. PIRO then delivered at least two or three more baton strikes to COOK'S left ribs while COOK was defenseless and posed absolutely no danger to PIRO or anyone else.

26. While PIRO was beating COOK, ROMBACH likewise was beating others, including a dog associated with the residence. First, ROMBACH reached into the apartment and grabbed GAGE. ROMBACH immediately violently threw GAGE to the ground outside the apartment's front door. Then ROMBACH struck a dog in the head with his baton that was associated with the residence. When neighbors saw what was going on, a neighbor approached ROMBACH and was very upset because he had witnessed ROMBACH throw GAGE to the ground for no apparent reason and strike the dog in the head with a baton. That witness tended to the injured dog and ROMBACH entered COOK's residence. GAGE got off the ground and attempted to reenter the residence multiple times to verbally protest the unlawful and unconstitutional beating of COOK by PIRO and other officers. Each time except the final attempt she was physically and violently thrown from the apartment by ROMBACH. Upon her final attempt to reenter the apartment, ROMBACH pinned her against a wall with violent force. BRUNIE then

6

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

violently grabbed GAGE and threw her toward PULSIPHER. PULSIPHER was the last to grab GAGE and violently throw her to the ground for the final time. GRIMM and BELK then violently held GAGE to the ground and handcuffed her.

27. ROMBACH then focused his violence on MAROULAS. MAROULAS was inside the small apartment when PIRO forced entry and forced COOK to the ground. There was no way for MAROULAS to leave the apartment without coming in close proximity to PIRO while he was beating COOK. ROMBACH attacked MAROULAS to ensure MAROULAS would not lawfully attempt to stop PIRO's unlawful, unconstitutional, and violent attack on COOK. ROMBACK violently kicked MAROULAS causing his body to spin and fall. MAROULAS ended up face down on a nearby couch. BRUNIE and Fairfield Officer Mark Apley held down MAROULAS, while ROMBACH punched MAROULAS approximately five times in the cheek and face with a closed fist while MAROULAS was face down on his stomach on a couch. ROMBACH then stuck MAROULAS approximately 5 times in the head with his elbow. Simultaneously, BRUNIE struck MAROULAS with a baton in the back and used his knee to strike MAROULAS in the face. After the officers were done beating MAROULAS, ROMBACH placed MAROULAS in handcuffs. BRUNIE then turned his attention to COOK and swung his baton at COOK's right leg while he was being held face down on the ground by multiple other officers.

28. During the incident PIRO, ROMBACH, BELK, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, and/or each of them, kicked, punched, and/or used a baton to strike COOK and MAROULAS while they were defenseless and being held face-down down against surfaces by multiple officers.

29. Rather than intervene against their fellow officers' unlawful conduct, GRIMM, BELK, PULSIPHER, and DOES 1-25 assisted in placing COOK, GAGE, and MAROULAS, in handcuffs and on information and belief Plaintiffs allege they assisted in searching COOK's home without a warrant. COOK's home was clear of anything illegal or reasonably threatening to the officers' safety.

30. On information and belief, Plaintiffs allege that officers then colluded and fabricated

7

reasons to arrest Plaintiffs to justify their actions and escape liability and consequence for their unlawful actions. Plaintiffs were maliciously arrested and charged with resisting arrest.

31. COOK was additionally falsely arrested for battering PIRO. GAGE was falsely arrested for battering ROMBACH. Significantly, there was no underlying charges, and BILLIE JEAN was not located at the residence.

32. The joint criminal prosecution of all of the current Plaintiffs resolved by way of jury trial. COOK, MAROULAS, and GAGE were acquitted by a jury of all charges.

33. COOK filed a claim with FPD on May 6, 2014, alleging that FPD police officers used excessive force as well as conducted an illegal search and seizure. He received a letter from George Hills Company, claim administrators for FPD, dated May 8, 2014, acknowledging COOK's claim. As of the time of filing of this action, COOK has not received a notice of action or inaction on his claim from FPD or any of FPD's agents.

34. Plaintiffs are informed and believe that thereon allege that the CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH and DOES 26-50, inclusive, breached their duty of care to the public by failing to discipline defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive, demonstrates the existence of an entrenched culture, policy, or practice of promoting, tolerating, and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive force, and the fabrication of official reports to cover up the misconduct of defendants' PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, inclusive.

35. Plaintiffs are informed and believe that thereon allege that members of FPD, including but not limited to, defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25 and/or each of them have, individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of making improper detentions and/or false arrests and using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to, Plaintiffs.

8

36. Plaintiffs are informed and believe that thereon allege that as a matter of official policy, rooted in an entrenched posture of deliberate indifference to the constitutional rights of citizens, defendant CITY OF FAIRFIELD has long allowed citizens, such as Plaintiffs, to be abused by its police officers, including by defendants PIRO, BELK, ROMBACH, BERTSCH, BRUNIE, GRIMM, PULSIPHER, and/or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

37. As a result of the pre-existing customs, polices, patterns and/or practices of such abuse by members of FPD, Plaintiffs were subjected to the violation of their constitutional rights as alleged in the preceding and subsequent paragraphs.

## STATEMENT OF DAMAGES

38. As a result of the acts and/or omissions of Defendants and/or each of them, as alleged herein, Plaintiffs have suffered, and will likely continue to suffer in the future, general damages, including, but not limited to, general damages for pain, suffering, emotional distress, permanent disabilities, permanent injuries, and/or other general damages in amounts to be determined according to proof.

39. Plaintiff cook suffered multiple closed fractures of his left ribs cage from PIRO's baton strikes.

40. Plaintiffs also suffered, and will likely suffer in the future, special damages, including but not limited to, special damages for medical and related expenses; lost wages and benefits; damage to career and/or loss of earning capacity; vocational and occupational rehabilitation expenses and/or other special damages in amounts to be determined according to proof.

41. The acts and/or omissions of Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-50, and/or each of them, were intentional, despicable, oppressive, punitive, malicious, and/or were done with a conscious and/or reckless disregard of Plaintiffs' rights and safety, justifying an award of punitive damages.

42. Plaintiffs found it necessary to engage in the services of private counsel to vindicate Plaintiffs' rights under the law. Plaintiffs are therefore entitled to an award of attorney's fees and costs pursuant to the statue(s) in the event that Plaintiffs are the prevailing party in this

action under 42 U.S.C. §§ 1983 and 1988.

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983/Individual Liability**

**(Against Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)**

43. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

44. In doing the acts complained of herein, defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25 and/or each of them, did act under color of state law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures;

b. The right to be free from the use of excessive force by police officers;

c. The right to not to be deprived of liberty without due process of the law;

45. Said rights are substantive guarantees under the Fourth Amendments to the United States Constitution, which has been incorporated and applies to the states through the Fourteenth Amendment.

46. At the time of the subject incident PIRO, ROMBACH, BELK, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, and/or each of them, had a duty to intercede when officers PIRO, ROMBACH, BELK, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, and/or each of them, violated Plaintiffs' constitutional rights in their immediately vicinity and presence.

47. PIRO, ROMBACH, BELK, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, and/or each of them failed to intercede and stop PIRO, ROMBACH, BELK, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, and/or each of them from violating Plaintiffs' constitutional rights despite having a duty and a realistic opportunity.

48. BELK was present the scene of the incident acting in the supervisory capacity of a police sergeant and observed and integrally participated while PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25, used excessive force and/or violated the

constitutional rights of Plaintiffs. BELK had a duty to intercede when her follow officers violated the constitutional rights of Plaintiffs. BELK was immediately present during her subordinate officers very obvious excessive use of force and unconstitutional actions against Plaintiffs, and she had a realistic opportunity to intercede and stop her subordinate officers from using excessive force and violating Plaintiffs' constitutional rights. She did not. Instead, BELK actively participated in the violation of Plaintiff's rights and failed to take any action to control and stop her subordinate officers from actively violating Plaintiffs' rights in her immediate presence, including using excessive force against Plaintiffs.

49. Instead of interceding and taking action to stop PIRO, ROMBACH, BELK, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, and/or each of them from violating Plaintiffs' constitutional rights, PIRO, ROMBACH, BELK, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, and/or each of them, watched and/or participated in the violation of Plaintiff's rights by assisting PIRO, ROMBACH, BELK, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, and/or each of them.

50. As a result of the violation of their constitutional rights by defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25 and/or each of them, Plaintiffs sustained the injuries or damages as alleged in this Complaint.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### 42 U.S.C. Section 1983/Municipal Liability (*Monell*)

### (Against CITY OF FAIRFIELD)

51. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

52. Plaintiffs are informed and believe and thereon allege the unconstitutional actions and/or omissions of Defendants CHIEF, BELK, BERTSCH, PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-50, and/or each of them, and other officers employed on behalf of the CITY OF FAIRFIELD, were pursuant to the following customs, policies, practices, and/or procedures of FPD, stated in the alternative, which were directed,

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

encouraged, allowed, and/or ratified by policy making officers for CITY OF FAIRFIELD and the FPD, including but not limited to Defendant CHIEF:

    a. To use or tolerate the use of excessive and/or unjustified force;

    b. To cover-up violations of constitutional right by any and all of the following:

      i.  by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, and/or unlawful seizures;

      ii.  by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

      iii.  by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or attempt to bolster officer' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information.

    c. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

    d. To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.; and

    e. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (d) above, with deliberate indifference of the rights and safety of Plaintiffs and the public, and in the face of an obvious need for such policies, procedures, and training programs.

53. Plaintiffs are informed and believe and thereon allege the unconstitutional actions and/or omissions of CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 1-50, and

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

other FPD personnel, as described in the preceding and subsequent paragraphs, were approved, tolerated, and/or ratified by final policymakers for FPD.

54. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers with the CITY OF FAIRFIELD and the FPD including CHIEF and his successor, and that such policy makers have direct knowledge of the fact that the use of force on Plaintiffs was not justified and represented an unconstitutional use of unreasonable and excessive force following an unlawful detention and arrest. Notwithstanding that knowledge, the authorized policy makers with CITY OF FAIRFIELD and FPD have approved of Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25, use of excessive force against Plaintiffs, and have made a deliberate choice to endorse PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25, use of force against Plaintiffs. By so doing, the authorized policy makers within CITY OF FAIRFIELD and FPD have shown affirmative agreement with the individual officers' actions, and have ratified the unconstitutional acts of the individual defendant officers.

55. Plaintiffs are informed and believe and thereon allege the aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as unconstitutional order, approvals, ratification and toleration of wrongful conduct of CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 1-50, were a moving force and/or proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional right in violation of 42 USC § 1983, as more full set forth in the preceding and subsequent paragraphs.

56. Plaintiffs are informed and believe and thereon allege CITY OF FAIRFIELD subjected Plaintiffs to wrongful conduct of PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, BERTSCH, and/or DOES 1-50, depriving Plaintiffs of rights described in the preceding and subsequent paragraphs, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

13

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

57. Plaintiffs are informed and believe and thereon allege CITY OF FAIRFIELD has a significant prior and subsequent history of allowing its police officers to violate the rights of people within the City of Fairfield amounting to an official policy of approval and tolerance of that unlawful and unconstitutional conduct. This history and failure to discipline and train officers following instances where officers have violated the constitutional rights of people within the City of Fairfield was a moving force and proximate cause of the constitutional violations suffered by Plaintiffs.

58. Prior to November 13, 2013, on or about July 4, 2009, a relevant incident occurred involving two of the same defendants in this action, CITY OF FAIRFIELD and GRIMM. The incident resulted in CITY OF FAIRFIELD and GRIMM being sued in the United States District Court for the Eastern District of California. The case number for that action was 2:10-cv-00508-DAD. The complaint alleged, similar to this lawsuit, "officers became violent and arrested Plaintiffs under the guise of resisting arrest."

59. Plaintiffs are informed and believe and allege based upon an article in the Daily Republic newspaper published on January 1, 2015, that a jury trial resulted in three plaintiffs receiving compensation for their false arrests based on the July 4, 2009, incident.

60. Plaintiffs are informed and believe and thereon allege that CITY OF FAIRFIELD failed to discipline and retrain GRIMM following the July 4, 2009, incident. CITY OF FAIRFIELD's failure to discipline and retrain GRIMM following the July 4, 2009, incident was a moving force and proximate cause of the GRIMMS's violation of Plaintiff's constitutional rights.

61. Prior to the July 4, 2009, incident, on February 5, 2004, there was a relevant incident that occurred involving CITY OF FAIRFIELD officer Jausiah Jacobsen ("JACOBSEN") and BERTSCH. That incident also resulted in a federal lawsuit in the United States District Court for the Eastern District of California. The case number assigned was 2:05-cv-00223-DFL-PAN. The federal complaint in that case, similarly to this case, alleged JACOBSEN "acted with malice in fabricating a justification for JACOBSEN's use of force against plaintiff, and in causing plaintiff to be charged with a violation of Penal Code section 148 for the purposes of further humiliating and belittling plaintiff, concealing JACOBSEN's own wrongdoing, and

14

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

1    impeding plaintiff's ability to obtain a remedy for the injuries inflicted by JACOBSEN."

2    62. Plaintiffs are informed and believe and thereon allege that following these prior acts of

3    misconduct by officers and their connected lawsuits that no meaningful and effective corrective

4    measures, training, and/or polices were implemented by CITY OF FAIRFIELD to protect the

5    public from the reoccurrence of similar misconduct by its officers in the future and rather the

6    CITY OF FAIRFIELD promoted officers who had committed misconduct to leadership roles.

7    BERTSCH was promoted to a Police Sergeant and JACOBSEN was promoted to a Police

8    Lieutenant despite the incident. CITY OF FAIRFIELD's failure to discipline and train officers

9    not to violate the constitutional rights of people within the City of Fairfield, and its deliberate

10   indifference to FPD officer violating constitutional rights of people within the CITY OF

11   FAIRFIELD, was a moving force and proximate cause of the constitutional violations Plaintiffs

12   suffered.

13   63. Plaintiffs are informed and believe and allege that prior to November 13, 2013, CITY

14   OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, knew FPD officers including

15   PIRO, ROMBACH, BELK, BRUNIE, GRIMM, PULSIPHER, and DOES 1-25, and/or each of

16   them were regularly violating constitutional rights of people within the City of Fairfield and

17   failed to adequately train officers about their legal duty to avoid violating citizens' rights and

18   that failure was a moving force and proximate cause of the violation of Plaintiff's constitutional

19   rights.

20   64. Plaintiffs are informed and believe and thereon allege that prior to November 13, 2013,

21   the Defendant CITY OF FAIRFIELD, and/or DOES 26-50, and/or each of them, developed and

22   maintained policies or customs exhibiting deliberate indifference to the constitutional rights of

23   the citizens of FAIRFIELD who were victims of excessive force. Defendants CITY OF

24   FAIRFIELD and DOES 26-50, and/or each of them, ignored complaints of malfeasance and

25   actively covered up for officers thereby ratifying their unconstitutional unlawful acts. This was a

26   moving force and proximate cause of the violation of Plaintiff's constitutional rights

27   65. Plaintiffs are informed and believe and thereon allege that CITY OF FAIRFIELD has

28   continued its unconstitutional policies and customs subsequent to Plaintiff's constitutional

15

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

violations alleged herein, and failed to provide adequate discipline and training to police officers. This has resulted in CITY OF FAIRFIELD being sued in federal court multiple times by multiple different unrelated plaintiffs for excessive use of force.

66. Plaintiffs are informed and believe and thereon allege that Defendant CITY OF FAIRFIELD has in the past and continues to knowingly ratify the unconstitutional actions of officers by shifting the blame to the victim of excessive force, misusing the criminal justice system to obtain privileged and private information to discredit said victims or circumvent the discovery rules in civil rights violation matters.

67. Plaintiffs are informed and believe and thereon allege that Defendants CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, and/or each of them, knowingly allowed subordinate personnel to intentionally disperse false information to cover for officers' wrongdoing.

68. Plaintiffs are informed and believe and thereon allege instead of conducting a real investigation into Defendant officers' wrongdoing, Defendant CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, and/or each of them, had a policy and practice to deny any wrong doing and fail to discipline officers for their wrongdoing. This was a moving force resulting in the constitutional violations Plaintiff suffered.

69. Plaintiffs are informed and believe and thereon allege that it was and still is the policy and/or custom of CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, and/or each of them, to inadequately and improperly investigate citizen complaints and claims of police misconduct, and said activity is at the behest of Defendant CHIEF and his successor.

70. Plaintiffs are informed and believe and thereon allege as a result of the above described policies and customs, FPD officers, including the defendant officers, believed that their actions would be ignored, approved and ratified by supervisors and that misconduct and/or excessive force would not be investigated or sanctioned, but would be tolerated.

71. As a direct and proximate result of the unconstitutional actions, omissions, customs, practices, polices, practices and procedures of CITY OF FAIRFIELD, and DOES 26-50, as described in the preceding and subsequent paragraphs, Plaintiffs sustained serious injuries

16

1  and are entitled to damages, penalties, costs and attorneys' fees as set for in herein, and

2  punitive damages against Defendants DOES 26-50 in their individual capacities.

3      WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### 42 U.S.C. Section 1983/Supervisory Liability

### (Against CHIEF, BELK, BERTSCH, and DOES 26-50)

7      72. Plaintiffs are informed and believe and thereon allege that Defendants CHIEF, BELK,

8  and BERTSCH, DOES 26-50, and/or each of them, were policy-makers, managers, and/or

9  supervisors employed by FPD who were personally responsible for adequately and/or properly

10  supervising, training, and/or disciplining subordinate officers involved with the incident on

11  November 13, 2013, described in the preceding and subsequent paragraphs.

12      73. Plaintiffs are informed and believe and thereon allege that Defendants CHIEF, BELK,

13  and BERTSCH, DOES 26-50, and/or each of them, had knowledge of subordinates PIRO,

14  ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25, prior unconstitutional

15  conduct and their deliberate indifference to the plain and obvious need for further training was

16  the moving force in the instant violation of Plaintiffs' constitutional rights.

17      74. Plaintiffs are informed and believe and thereon allege that BERTSCH's regular duties

18  for FPD include reviewing, initiating, and/or investigating citizens' complaints as a sergeant

19  working in FPD's Professional Standards Unit. Plaintiffs are informed and believe and thereon

20  allege that FPD's Professional Standards Unit is responsible for initiating and investigating

21  citizens' complaints of misconduct and constitutional violations by FPD officers.

22      75. Plaintiffs are informed and believe and thereon allege that CHIEF, BELK, BERTSCH,

23  and DOES 26-50, and/or each of them, were responsible for investigating citizens' complaints

24  against FPD officers prior to November 13, 2013. These prior investigations imparted on each

25  of them knowledge of prior constitutional violations by FPD officers including PIRO,

26  ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25.

27      76. Plaintiffs are informed and believe and thereon allege prior to November 13, 2013,

28  CHIEF, BELK, BERTSCH, and/or DOES 26-50, and/or each of them, knew FPD officers

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

including PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25, so often violated constitutional rights of people within the City of Fairfield that the need for further training was plainly obvious to CHIEF, BELK, BERTSCH, and/or DOES 26-50, and/or each of them, who, nevertheless, were deliberately indifferent to the need for further training.

77. Plaintiffs are informed and believe and thereon allege that the deliberate indifference of CHIEF, BELK, BERTSCH, and/or DOES 26-50, and/or each of them, was the moving force and was closely linked to Plaintiffs' constitutional violations by PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25.

78. Plaintiffs are informed and believe and thereon allege that prior to November 13, 2013, BERTCH had often approved and reviewed reports from subordinate officers PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25, and approved those reports knowing the use of force and/or the other actions of the officers was unconstitutional. BERTCH was deliberately indifferent to the unconstitutional actions of his subordinate officers and the plainly obvious need for further training to prevent future and ongoing constitutional violations. BERTCH's deliberate indifference to the unconstitutional actions of his subordinate officers was the moving force causing Plaintiff's constitutional violations by PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25.

79. Plaintiffs are informed and believe and thereon allege that, and/or each of them, caused the violation of Plaintiff's constitutional rights as a result of their supervisory malfeasance and/or deliberate indifference to the need for more or different training, supervision, and/or discipline of FPD officers involved with the incident on November 13, 2013, described in the preceding and subsequent paragraphs.

80. Plaintiffs are informed and believe that thereon allege CHIEF, BELK, and BERTSCH, DOES 26-50, and/or each of them, failed to properly hire, train, instruct, supervise, evaluate, investigate, and discipline Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-25, and/or each of them, with deliberate indifference to Plaintiffs' constitutional rights, and that deliberate indifference was the moving force behind Plaintiff's constitutional violations as described in the preceding and subsequent paragraphs.

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### Negligence

### (Against all Defendants)

81. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

82. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1-25 are liable for injuries cause by their acts or omission to the same extent as a private person. At all times mentioned herein, PIRO, ROMBACK, BRUNIE, BELK, GRIMM, PULSIPHER, CHIEF, BERTSCH, and DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendants CITY OF FAIRFIELD. As such, CITY OF FAIRFIELD is liable in *respondeat superior* for the injuries cause by them.

83. At the time of the subject incident Defendants each owed a duty to act with due care in the execution and enforcement of any right, law or legal obligation.

84. Defendant CITY OF FAIRFIELD is liable for injuries proximately caused by acts or omissions of its employees within the scope of their employment pursuant to California Government Code section 815.2, subdivision (a).

85. At all times, each Defendants, and each of them, owed Plaintiffs the duty to act with reasonable care.

86. These general duties of reasonable care owed to Plaintiffs by PIRO, ROMBACK, BRUNIE, BELK, GRIMM, PULSIPHER, and DOES 1-25 include but are not limited to the following specific obligations:

a. to refrain from using excessive and/or unreasonable force against Plaintiffs;

b. to refrain from unreasonably creating the situation where force is used;

c. to refrain from abusing their authority granted them by law;

d. to refrain from violating Plaintiff's rights guaranteed by the United States and California Constitutions, as described in the preceding and subsequent paragraphs,

19

1   and as otherwise protected by law.

2   87. Additionally, these general duties of reasonable care and due care owed to Plaintiffs by

3   Defendants CITY OF FAIRFIELD, CHIEF, BELK, BERTSCH, and DOES 26-50, include but

4   are not limited to the following specific obligations:

5       a. to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and

6           discipline their employees, agents, and/or law enforcement officers to ensure that

7           those employees/agents/officers act at all times in the public interest and in

8           conformance with law;

9       b. to refrain from making, enforcing, and/or tolerating the wrongful policies, training, and

10          customs set forth the Second Cause of Action, above.

11  88. Defendants, in doing the acts and/or omissions as alleged in the preceding and

12  subsequent paragraphs, negligently breached each and every one of the aforementioned

13  duties owed to Plaintiff.

14  89. As a direct and proximate result of Defendants' negligence, Plaintiff sustained injuries

15  and damages, and against each and every Defendant are entitled to relief, and punitive

16  damages against Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK,

17  DOES 1-25, CHIEF, BELK, BERTSCH, and DOES 26-50 in their individual capacities.

18      WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

19  **FIFTH CAUSE OF ACTION**

20  **Violation of Constitutional and Civil Rights -- California Civil Code § 52.1**

21  **(Against PIRO, ROMBACK, BRUNIE, BELK, GRIMM, PULSIPHER and DOES 1-25)**

22  90. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set

23  forth here in full.

24  91. By their acts, omissions, customs, practices, and policies, Defendants, acting together,

25  as described in the preceding and subsequent paragraphs, and each acting individually,

26  interfered with, attempted to interfere with, violated Plaintiff's rights under California Civil Code

27  § 52.1, and the following clearly-established rights under the United States Constitution and

28  the California Constitution:

a. The right to be free from unreasonable searches and seizures as secured by the Fourth Amendment and incorporated to apply to the states by the Fourteenth Amendment;

b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth Amendment and incorporated to apply to the states by the Fourteenth Amendment;

c. The right to be free from unreasonable use of deadly force as secured by the Fourth Amendment and incorporated to apply to the states by the Fourteenth Amendment;

d. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13; and

e. The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

92. Defendants and/or each of them completed acts that violated Plaintiffs' constitutional right to be free from excessive force by law enforcement officers, the right to be free from unreasonable searches and seizures, and/or the right to due process of law.

93. As a result of the violation of Plaintiffs' rights under the United States and/or California Constitutions, Plaintiffs are entitled to relief under California Civil Code sections 52 and 52.1, against Defendants and/or each of them, not limited to costs, reasonable attorney fees, three times actual damages, and civil penalties.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION

### Assault and Battery

### (Against Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)

94. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

95. Defendants' conduct and/or each defendant's acts described in the preceding and

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

subsequent paragraphs constituted assault and battery.

96. As a result of the assault and battery, Plaintiffs suffered the damages alleged in the preceding and subsequent paragraphs.

97. The conduct by Defendants and/or each of them was an unreasonable and excessive use of force.

98. The use of unreasonable and excessive use of force by the Defendants and/or each of them was a substantial factor in the cause of and the injuries to Plaintiffs.

99. Plaintiffs did not consent to the use of force against them.

100. Plaintiffs are informed and believe and thereon allege that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious and/or reckless disregard for the rights of Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages against said Defendants and/or each of them.

101. At the time the Defendants and/or each of them committed the assault and battery upon Plaintiffs, they and/or each of them, were acting within the course and scope of their employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### False Imprisonment

### (Against Defendants PIRO, ROMBACH, BRUNIE, GRIMM, PULSIPHER, BELK, and DOES 1-25)

102. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

103. Defendants and/or each of them intentionally deprived Plaintiffs of their freedom of movement by use of physical force.

104. Defendants and/or each of them did not have a warrant for Plaintiffs' arrests.

105. Defendants and/or each of them did not lawfully arrest Plaintiffs.

106. Defendants and/or each of them did not have a lawful reason to detain Plaintiffs

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

and/or did not have a lawful reason to detain Plaintiffs for the duration of time Plaintiffs were detained.

107. Defendants and/or each of them compelled Plaintiffs to stay or go somewhere for some appreciable amount of time.

108. Plaintiffs suffered the damages set forth herein.

109. The Defendants' actions and/or each of their actions were a substantial factor in causing Plaintiffs harm.

110. Plaintiffs are informed and believe and thereon allege that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious and/or reckless disregard for the rights of Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages against said Defendants and/or each of them.

111. The intentional acts and/or omissions were done within the course and scope of the Defendants' employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against Defendants PIRO, ROMBACH, BRUNIE, and DOES 1-25)

112. Plaintiffs restate and incorporate the preceding and subsequent paragraphs as if set forth here in full.

113. Defendants' conduct as described in the preceding and subsequent paragraphs was extreme, unreasonable, and outrageous.

114. In engaging in the conduct as described in the preceding and subsequent paragraphs Defendants and/or each of them intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiffs would suffer extreme emotional distress as a result of defendants' conduct.

115. As a result of the Defendant's intentional acts and/or omissions, Plaintiffs suffered severe emotional distress and will continue to do so.

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*

116. The Defendants' actions and/or each of their actions were a substantial factor in causing Plaintiffs' severe emotional distress.

117. Plaintiffs are informed and believe and thereon allege that said acts were intentional, willful, malicious, oppressive, and/or done with a conscious and/or reckless disregard for the rights of Plaintiffs. Therefore, Plaintiffs pray for an award of punitive damages against said Defendants and/or each of them.

118. The intentional acts and/or omissions were done within the course and scope of the Defendants' employment with CITY OF FAIRFIELD. Therefore, CITY OF FAIRFIELD is liable under the doctrine of *respondeat superior*.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

1. For general and special damages in an amount to be determined according to proof;

2. For punitive damages, as permitted by law and according to proof, as to defendants CHIEF, BELK, BERTSCH, PIRO, ROMBACH, BERTSCH, BRUNIE, GRIMM, PULSIPHER, BELK, and/or DOES 1-50 and/or each of them;

3. For reasonable attorney fees pursuant to 42 U.S.C. § 1988;

4. For cost of suit herein incurred;

5. For violation of California Civil Code section 52 and 52.1, statutory damages, and reasonable attorney's fees; and

6. For such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury as to all issues and claims for relief.

Dated:06/24/2016                **LAW OFFICES OF JUSTIN KIRK TABAYOYON**

By:      /S/ Justin Kirk Tabayoyon
JUSTIN KIRK TABAYOYON
Attorney for Plaintiffs

24

*Third Amended Complaint for Violations of Civil Rights and Supplemental Claims*